# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELVIN BUSH, | ) | 1:08-CV-00378 AWI SMS HC |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT |
| ON HABEAS CORPUS, | ) | |
| Respondent. | ) | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

      In this case, Petitioner fails to name a Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in

1  which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.
2  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California
3  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal
4  institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is
5  on probation or parole, the proper respondent is his probation or parole officer and the official in
6  charge of the parole or probation agency or state correctional agency.  Id.

7       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
8  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326
9  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
10 However, the Court will give Petitioner the opportunity to cure this defect by amending the petition
11 to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d
12 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
13 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington,
14 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an
15 amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to
16 Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

17 **ORDER**

18      Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order
19 in which to file a motion to amend the instant petition and name a proper respondent.  Failure to
20 amend the petition and state a proper respondent will result in a recommendation that the petition be
21 dismissed for lack of jurisdiction.
22 IT IS SO ORDERED.
23 **Dated:   March 27, 2008**         /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28