1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| KELVIN BUSH, | 1:08-CV-00378 SMS HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. #12] |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| KEN CLARK, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

13
14
15
16
17
18
19
20

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated June 23, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

21
22
23

## BACKGROUND

24
25
26

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by plea of guilty on November 30, 2005, of grand theft. (LD 1.[1]) On the same date, Petitioner was

27
28

[1]"Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

1  sentenced to serve a total determinate term of 6 years in state prison. Id.

2      Petitioner did not appeal the conviction. However, he did file three post-conviction collateral

3  challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as

4  follows:

5      1.    Stanislaus County Superior Court
            Filed: February 12, 2007[2];
6            Denied: February 23, 2007;

7      2.    California Court of Appeal, Fifth Appellate District
            Filed: March 7, 2007;
8            Denied: March 22, 2007;

9      3.    California Supreme Court
            Filed: March 29, 2007;
10           Denied: October 10, 2007.

11  (LD 5-10.)

12      On March 13, 2008, Petitioner filed the instant federal petition for writ of habeas corpus in

13  this Court. On June 13, 2008, Respondent filed a motion to dismiss the petition as being filed outside

14  the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On June 24, 2008, Petitioner

15  filed an opposition to Respondent's motion to dismiss. Respondent filed a reply on July 9, 2008.

16                          **DISCUSSION**

17  A.  Procedural Grounds for Motion to Dismiss

18      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

19  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

20  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

21      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

22  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

23  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

24  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

---

25

26      [2]In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of
its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487
27  U.S. 266, 276 (1988) (called the "mailbox rule"). The Ninth Circuit has applied the mailbox rule to assess the timeliness of
federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing
28  Houston, 487 U.S. at 276. Accordingly, under the mailbox rule, the Court will deem the petitions filed on the dates he signed
them and presumably handed them to prison authorities for mailing.

F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <i>cert. denied,</i> 118 S.Ct. 586 (1997).

In this case, the petition was filed on March 13, 2008, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

3    28 U.S.C. § 2244(d).

4        In most cases, the limitations period begins running on the date that the petitioner's direct

5    review became final.  In this case, judgment was rendered on November 30, 2005, and Petitioner did

6    not file an appeal.  Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60)

7    days in which to file a notice of appeal.  Rule 31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d

8    301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999).  Because Petitioner did not file a notice

9    of appeal, his direct review concluded on January 29, 2006, when the sixty-day period for filing a

10    notice of appeal expired.  Thus, Petitioner had one year until January 29, 2007, in which to file his

11    federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th

12    Cir.2001).  However, Petitioner delayed filing the instant petition until March 13, 2008, over one

13    year beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute

14    of limitations.

15    C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

16        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

17    for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

18    pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In

19    Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

20    properly pursuing post-conviction relief, and the period is tolled during the intervals between one

21    state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

22    state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

23    1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

24    statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

25    petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

26    U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

27    the federal courts to have been untimely in state court will not satisfy the requirements for statutory

28    tolling. Id.

1    As stated above, the statute of limitations began to run on January 30, 2006, and expired on

2  January 29, 2007. Petitioner filed his first collateral challenge in the Stanislaus County Superior

3  Court on February 12, 2007. At this point, the statute of limitations had already expired. Therefore,

4  the three collateral actions filed in the state courts could not operate to toll the statute of limitations.

5  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). The federal petition remains untimely.

6  D.  Statutory Tolling Pursuant to § 2244(d)(1)(C) & (D)

7    In his opposition, Petitioner claims he should be entitled to statutory tolling under

8  § 2244(d)(1)(C) & (D) because the case of Cunningham v. California, 127 S.Ct. 856 (2007), was not

9  decided until 2007. Under § 2244(d)(1)(C), the limitations period would commence on the date a

10  constitutional right is newly recognized by the Supreme Court and made retroactively applicable to

11  cases on collateral review. As argued by Respondent, Cunningham did not announce a new rule of

12  constitutional law under Teague v. Lane, 489 U.S. 288 (1989). Butler v. Curry, 528 F.3d 624 (9th

13  Cir.2008). In addition, Petitioner has not shown that Cunningham applies retroactively.

14    Under § 2244(d)(1)(D), the limitations period would commence on the date Petitioner could

15  have discovered the factual predicate of the claim through due diligence. In this case, the factual

16  predicate for Petitioner's claims were available well before Cunningham was decided. Cunningham

17  relied heavily on Blakely v. Washington, 542 U.S. 398 (2004), which was decided before Petitioner

18  had even been convicted.

19  E.  Equitable Tolling

20    The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

21  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

22  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

23  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

24  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

25  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

26  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

27  (9th Cir.1993). Petitioner argues he should be granted tolling because of "lock downs, lack of access

28  to legal library, [his] lack of knowledge in the law, and finding the right proper assistance that have

1    greater knowledge than [him]." Nevertheless, the Court finds no reason to equitably toll the

2    limitations period.

3            Unpredictable lockdowns or library closures do not constitute extraordinary circumstances

4    warranting equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111

5    (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison

6    lasting several days and allegedly eliminating access to law library were not extraordinary

7    circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL

8    13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not

9    constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.

10   Prisoners familiar with the routine restrictions of prison life must take such matters into account

11   when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal

12   sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2

13   (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances

14   warranting equitable tolling). Petitioner's claim is completely conclusory. He makes a broad

15   assertion of being unable to comply by claiming lockdowns and library closures interfered; however,

16   he fails to provide any specific time periods effected by the lockdowns or closures, he fails to state

17   how the lockdowns or closures prevented him from timely filing his petition, and he fails to explain

18   why he could not timely comply during the times not effected by the lockdowns or closures. See

19   Scott v. Pliler, 2001 WL 1006824 *2 (N.D. Cal. Aug.17, 2001.)

20           Petitioner's claim of ignorance of the law is also insufficient to justify equitable tolling.  See,

21   e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's

22   illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Shoemate v.

23   Norris, 390 F.3d 595, 598 (8th Cir.2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000);

24   Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.2000);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999);

25   Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). His limited legal knowledge is no different than

26   the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such

27   circumstances are not extraordinary and do not justify equitable tolling.

28           Furthermore, Petitioner makes no showing that he has been pursuing his rights diligently.

1    <u>Pace</u>, 544 U.S. at 418. As Respondent correctly argues, Petitioner sat on his rights from December of

2    2005 until February of 2007. Therefore, he is not entitled to equitable tolling.

3    <u>F.  Certificate of Appealability</u>

4         A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

5    district court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-</u>

6    <u>El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

7    a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

8         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
         district judge, the final order shall be subject to review, on appeal, by the court
9         of appeals for the circuit in which the proceeding is held.

10        (b) There shall be no right of appeal from a final order in a proceeding to test the
         validity of a warrant to remove to another district or place for commitment or trial
11        a person charged with a criminal offense against the United States, or to test the
         validity of such person's detention pending removal proceedings.

12
         (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an
13            appeal may not be taken to the court of appeals from–

14               (A) the final order in a habeas corpus proceeding in which the
                detention complained of arises out of process issued by a State
15                court; or

16               (B) the final order in a proceeding under section 2255.

17        (2) A certificate of appealability may issue under paragraph (1) only if the
         applicant has made a substantial showing of the denial of a constitutional right.

18
         (3) The certificate of appealability under paragraph (1) shall indicate which
19        specific issue or issues satisfy the showing required by paragraph (2).

20        If a court denies a petitioner's petition, the court may only issue a certificate of appealability

21   "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

22   that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

23   further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the

24   petitioner is not required to prove the merits of his case, he must demonstrate "something more than

25   the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at

26   1040.

27        In the present case, the Court finds that reasonable jurists would not find the Court's

28   determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1.  Respondent's Motion to Dismiss the Petition is GRANTED;

2.  The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE;

3.  The Clerk of Court is DIRECTED to enter judgment for Respondent; and

4.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    July 21, 2008**                              **/s/ Sandra M. Snyder**
                                                                     UNITED STATES MAGISTRATE JUDGE